IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. CCB-97-365 |
| JESUS HALL, 32938-037<br>a/k/a/ "Weedy" and "Jesse Hail" | : |
| | : |

ooo0ooo

**MEMORANDUM**

Pending is a pro se motion for relief from judgment pursuant to Fed. R. Civ P. 60(b)(4) filed by Jesus Hall, an inmate at the United States Penitentiary in Florence, Colorado. Hall claims that this court lacked jurisdiction to convict and sentence him in 1999 on drug conspiracy charges, and the criminal judgment against him is void. The court will deny the motion by separate order for the reasons that follow.

As an initial matter, the court notes that the Federal Rules of Civil Procedure do not provide a vehicle by which Hall may challenge his criminal judgement. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe,* 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998). Accordingly, Hall may not challenge his criminal conviction and sentence in a Rule 60(b)(4) motion. To the extent that he intends to collaterally challenge his criminal sentence, his claim is more properly raised in a 28 U.S.C. § 2255 Motion to Vacate, Set-Aside or Correct. Further, even if this matter were to proceed, there is no legal merit to Hall's claim that this court lacked jurisdiction in the criminal proceedings against him.

**I. Background**

On March 5, 1999, the court sentenced Hall to a term of life imprisonment after he was found

guilty by a jury of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. The Fourth Circuit affirmed Hall's conviction, and vacated his sentence on appeal. *See United States v. Cotton, et al.* 261 F.3d 397 (4th Cir. 2001 ). The Supreme Court granted certiorari review and reversed the judgment of the Court of Appeals, thus reinstating the sentence. *See United States v. Cotton, et al.*, 535 U.S. 625 (2002). On May 9, 2003, Hall filed a 28 U.S.C. §2255 motion to vacate, set aside or correct which was dismissed without prejudice on March 31, 2004. *See Hall v. United States*, Civil Action No. CCB-03-1397 (D. Md.).

**II. Discussion**

The Court recognizes that Hall is a pro se litigant and has accorded his pleading liberal construction. Nonetheless, this claim borders on the frivolous. Hall argues that the "war on drugs" did not confer authority on federal courts to consider his case. Instead, he posits that the drug offense for which he was convicted falls within the purview of state courts alone. To this end, Hall argues that the statutory provision under which he was charged "fails to contain language of an interstate commerce [nexus]."

There is no legal merit to Hall's claim. The Fourth Circuit rejected a Commerce Clause challenge to the drug trafficking statute[1] in *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1991) (stating that intrastate drug activities regulated in the Drug Act are clearly tied to interstate commerce); *see also United States v. Atkinson*, 513 F.2d 38, 39-40 (4th Cir. 1975) (upholding constitutionality of the Drug Act against a Commerce Clause challenge by concluding that Congress has the authority

---

[1] Section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, codified at 21 U.S.C. §841(a)(1) reads:

(A) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;....

under that provision to criminalize intrastate possession). For this reason, Hall's claim is unavailing, and will be denied.[2]

  March 22, 2007               /s/  
Date             Catherine C. Blake  
            United States District Judge

---

[2] The court will also deny Hall's "Petition for Summary Judgment" which is based on the Rule 60(b)(4) motion.