IN THE UNITED STATES DISTRICT COURT
for THE
DISTRICT OF MARYLAND

Jesus Hall, etc al,
 Movant

v.                                              Case No: CCB-97-0365

United States of America
 Respondent

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
MAR 27 2008
CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

---

## Motion To Amend 3582c And Adopt Arguement

Comes Now, Movant Jesus Hall, pro se In A motion to Adopt the Ninth Circuits Arguement And Ruling In the case of Aaron Hicks No. 06-30193 filed Jan 11, 2007 which states that Booker Which made the Sentencing guidelines Advisory, Applies to Re-Sentencing proceedings brought under the statute Authorizing Court to modify A sentence based on subsequent lowering of Sentencing guidelines Range by Sentencing commission, And thus the Newly Calculated guide lines Range is Advisory; Booker made clear that the guidelines were no longer mandatory in any context. 18 U.S.C.A. § 3582(c)(2). The Second Circuit has taken the same Approach, see Criminal Law Reporter at Page 604. The Movant in this captioned case is Not Argueing that he deserves A 3582 (c)(2) Resentencing because of Booker. His entitlement is based on 18 U.S.C 3582(c)(2), As When the district court Reconsiders his sentence pursuant to 3582(c)(2) A proceeding that occurred only because the Sentencing Commission lowered the Senten-cing Range And crack Ratio - the district court should have

discretion to impose a non-guidelines sentence. A question arises to this court. Would Honorable Judge Catherine C. Blake still sentence Mr. Hall to life in prison if she would have known at the time that the crack ratio wasn't infact mandatory and taking the case Roper vs US 2002 Report 103 into consideration was it fair and appropiate to hand down such a harsh sentence on a first time adult (non-violent offender) who was of the age of 19 years old? If not, then there is plain error and apparent that the courts restriction at the time affected the fairness, integrity, or public reputation of judicial proceedings. In a memorandum issued in accord to some judges who opposed to the 100:1 Ratio my judge name was present along with many more including Supreme court Justices, so absent a comment on record this memo speaks for itself.

Defendant respectfully submit this amendment to the court along with certificates, case law and an option for the courts to review his written novels including three for children of ages 5-9 years old.

Respectfully Submitted
Jesus O. Hall

**'Prejudice' and 'Public Reputation.'** The court also decided that *Kimbrough* error, like *Booker* error, (1) ordinarily defies analysis for prejudice in the absence of an express statement by a sentencing judge, and (2) that when prejudice does occur, it requires correction on plain-error review. The court said:

> [W]hen the sentencing of a defendant for a crack cocaine offense occurred before *Kimbrough*, we cannot tell whether the district court would have exercised its now clear discretion to mitigate the sentencing range produced by the 100-to-1 ratio. If it would have, an affirmance of the original sentence would "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings," ... because imposition of a sentence that the district court would not have imposed had it fully appreciated the extent of its discretion would, in our view, "seriously undermine the public's confidence in the judicial process."

On the other hand, *Kimbrough* error is unlike *Booker* error in that the likelihood that a remand will prompt the district judge to increase rather than decrease a sentence is "remote," the court observed. Nevertheless, it imposed a rule similar to one announced in *Crosby* that requires defendants to be given an opportunity to avoid resentencing if they so desire.