**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**

NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 MAY -9  P 12: 05

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DENISE C. BARRETT
ASSISTANT FEDERAL PUBLIC DEFENDER

May 9, 2008

**Crack Reduction - Status Report**

The Honorable Catherine C. Blake
United States District Judge
United States Courthouse
101 W. Lombard Street
Chambers 7D
Baltimore, Maryland 21201

    Re:    United States v. Jesus Hall
              No. CCB-97-365

Dear Judge Blake:

      Please accept and docket this letter as a status report regarding Jesus Hall's *pro se* motion for a reduction of sentence. On March 13, 2008, undersigned counsel filed a status report stating that the reduced sentencing range applicable under Amendment 706 would not effect Mr. Hall's sentence. After further study and review, I now seek to amend that status report and file this updated status report asserting the position that Mr. Hall is in fact eligible.

      Mr. Hall has filed a pro se motion for a sentence reduction under the new crack amendments. He was convicted of conspiracy to possess with intent to distribute a mixture containing cocaine and cocaine base. He was sentenced to life imprisonment based upon a final offense level of 47, Criminal History III. U.S. Probation has submitted a report indicating that the defendant is not eligible to seek a reduced sentence because Mr. Hall originally had a base offense level of 47 and his sentencing range was limited to life. According to Probation, even under the new calculations Mr. Hall's sentencing range remains limited to life.

      Upon review, the matter presents several legal issues worth exploring. First, even though Mr. Hall's final offense level was 47, the base offense level for the drugs was 38. That base offense level has been lowered to 36 under the new guidelines. Hence, Mr. Hall is eligible for relief under the statutory criteria set forth in 18 U.S.C. § 3582 because his sentence was "based" upon a sentencing range that has been lowered by the Sentencing Commission. That the final offense level under the

guidelines would move from a 47 to a 45, and hence fall within the "life" range on the sentencing table, does not preclude this Court from giving relief because the guidelines, including U.S.S.G. § 1B1.10 are only advisory.

Second, Mr. Hall was sentenced to life based upon a legal error. The pre-*Apprendi* superseding indictment in his case did not charge a drug quantity. The parties thus operated under the belief that the maximum penalty would be life. Since the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we know that the statutory maximum was only twenty years. *See United States v. Cotton,* 535 U.S. 625 (2002) (finding error in court's conclusion that statutory maximum was life but declining to correct for plain error*); United States v. Promise*, 255 F.3d 150 (4th Cir. 2001); *United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005).

While *Apprendi* itself has not been made retroactive in a proceeding under 28 U.S.C. § 2255 and thus affords no relief by itself, once a defendant is eligible to seek relief under 18 U.S.C. § 3582, the section 3582 proceeding would be governed by post-*Apprendi* law. *See United States v. Mihm*, 134 F.3d 1353, 1355 (8th Cir. 1998) (court must consider statutory criteria in existence at time of 18 U.S.C. § 3582(c)(2) resentencing).

In this case, if the Court were to conclude 1) that Mr. Hall is eligible under 18 U.S.C. § 3582(c) to seek a sentence reduction because the base offense level lowered from 38 to 36; and 2) that the Court is not bound by the policy statement in U.S.S.G. § 1B1.10, then the Court could resentence Mr. Hall in accordance with the correct statutory maximum - twenty years.

I have not been in contact with Mr. Hall and do not know if he would like this Office to represent him in this matter. Although we are currently representing several defendants in this case, I do not see an unmanageable conflict at this time. Hence, I would ask that the Court allow me additional time to contact Mr. Hall and find out if he would like my Office to represent him. Enclosed is a proposed Order.

This Court has before it in *United States v. Inocencio*, CCB-04-350, the question whether section 1B.10 is advisory. If I were appointed to represent Mr. Hall, I would suggest that the Court hold this case in abeyance pending the Court's decision in *Inocencio*. If the Court were to rule that section 1B1.10 is advisory, then the parties could submit additional briefing on the nature of the relief the Court should grant Mr. Hall.

I would be happy to provide the Court with whatever additional information it may need in this case.

Very truly yours

Sherri Keene
Staff Attorney

Enclosure

cc: Barbara Sale, AUSA
Estelle Santana, USPO
Jesus Hall, #32938-037