**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

NICHOLAS J. VITEK
STAFF ATTORNEY

July 14, 2008

**Crack Reduction – Status Report**

The Honorable Catherine C. Blake
United States District Court
 for the District of Maryland
District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

RECEIVED IN THE OFFICE OF
CATHERINE C. BLAKE

JUL 16 2008

UNITED STATES DISTRICT JUDGE

Re:   United States v. Jesus Hall
      Case No. CCB 94-0365
                   97

Dear Judge Blake:

   Please accept and docket this letter as a status report regarding Mr. Hall's pending *pro se* motion for reduction in sentence based on Amendment 706 to the Federal Sentencing Guidelines (the "crack" amendment).

   On February 12, 2008, this Honorable Court appointed the Office of the Federal Public Defender to preliminarily review Mr. Hall's case to determine if he is eligible to seek a reduction in sentence. On May 9, 2008 the Office of the Federal Public Defender stated in a letter to the Court that our belief is that Mr. Hall is eligible for a reduction of sentence based on the amendment to the Federal Sentencing Guideline. In addition, the letter stated that Mr. Hall had yet to give us consent to represent him.

   Our office has been in contact with Mr. Hall and he has represented that he is unable to afford counsel and would like for this Office to represent him. I ask that the Court appoint me to represent Mr. Hall.

   Additionally, the view that Mr. Hall is eligible for relief under the amended Federal Sentencing Guideline remains unchanged. Although Probation concludes, based on U.S.S.G. § 1B1.10, that Mr. Hall is ineligible because a two level reduction would give Mr. Hall the same sentence, such a conclusion presumes a mandatory sentencing scheme. However, the Supreme Court is clear that the Federal Sentencing Guidelines are advisory, and thus any reduction is to be determined by the Court.

Moreover, Mr. Hall's sentence is predicated on a legal error. The pre-*Apprendi* superseding indictment did not charge a drug quantity and thus the statutory maximum was twenty years and not life. *United States v. Cotton*, 535 U.S. 625 (2002) (finding error in court's conclusion that statutory maximum was life, but declining to correct for plain error). If the Court were to consider Mr. Hall's motion for resentencing under 18 U.S.C. § 3582, such a proceeding would be governed by post-*Apprendi* law. See *United States v. Mihm*, 134 F.3d 1353, 1355 (8th Cir. 1998).

The Court has before it in *United States v. Inocencio*, CCB 04-0350, the question whether section 1B1.10(a)(2)(B) is binding on the Court or advisory. If I were appointed to represent Mr. Hall, I suggest that the Court hold his case in abeyance pending the Court's decision in *Inocencio*. If the Court concluded that it is not bound by 1B1.10, then the parties could submit additional briefing on the nature of the relief the Court should grant Mr. Hall.

A proposed order is attached. Thank you for your consideration of this matter.

Sincerely yours,

Nicholas J. Vitek
Staff Attorney

cc: Barbara Sale, Assistant United States Attorney
Estelle Santana, United States Department of Probation
Jesus Hall, # 32938-037

2